IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


CHRISONDRA GOODWINE, et al.,
:
       Plaintiffs,
:
      vs.                              Case No. 3:75cv304
:
TED STRICKLAND, et al.,        JUDGE WALTER HERBERT RICE
:
       Defendants.


DECISION AND ENTRY SUSTAINING MOTION OF DEFENDANTS
DAYTON CITY SCHOOL DISTRICT BOARD OF EDUCATION AND ITS
SUPERINTENDENT TO DISMISS PLAINTIFFS' NOTICE OF BREACH OF
SETTLEMENT AGREEMENT FOR LACK OF SUBJECT MATTER
JURISDICTION (DOC. #364); PLAINTIFFS' NOTICE OF BREACH OF
SETTLEMENT AGREEMENT (DOC. #346) DISMISSED FOR WANT OF
SUBJECT MATTER JURISDICTION; TERMINATION ENTRY


After the Defendants had filed a motion, requesting that this Court find that the Dayton Public Schools had attained unitary status (Doc. #317), the parties were able to resolve their remaining disputes, by entering into a Settlement Agreement, dated April 15, 2002, which provided, *inter alia*, for the implementation and execution of Academic Improvement Strategies, over the term of the Agreement, ending June 30, 2007.

This matter is now before the Court on the Motion of the Defendants Dayton City School District Board of Education and its Superintendent (collectively "DPS

Defendants") to Dismiss Plaintiffs' Notice of Breach of Settlement Agreement (Doc. #346) for Lack of Subject Matter Jurisdiction (Doc. #364). The DPS Defendants contend that this Court's jurisdiction over any breach of the Settlement Agreement of April 15, 2002, expired with the operative terms of the Agreement on June 30, 2007. Alternatively, the DPS Defendants contend that this Court is without subject matter jurisdiction over the Plaintiffs' Notice, given that Plaintiffs failed to comply with the requirements of Section II(F) of the Settlement Agreement.

The parties agree that the issue of whether this Court can exercise subject matter jurisdiction over Plaintiffs' Notice of Breach of Settlement Agreement (Doc. #346) is governed by the decision of the United States Supreme Court in *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994), disagreeing, however, on whether the application of *Kokkonen* mandates continuing jurisdiction by this Court, on the one hand, or the absence of jurisdiction, on the other.

Pursuant to the following reasoning and citations of authority, this Court concludes that it does, indeed, lack subject matter jurisdiction over the Plaintiffs' Notice of Breach of Settlement Agreement (Doc. #346) and, accordingly, sustains the Motion of the DPS Defendants to dismiss said Notice of Breach of Settlement Agreement for lack of subject matter jurisdiction (Doc. #364). As a means of analysis, the Court will initially discuss *Kokkonen*, following which it will turn to

the DPS Defendants' two alternative arguments, addressing them in the above order.

1. Pursuant to *Kokkonen*, in the absence of an independent basis of jurisdiction such as diversity of citizenship, a District Court lacks jurisdiction to enforce a settlement agreement, unless the District Court has retained ancillary jurisdiction to enforce the settlement agreement in its order of dismissal. *See Limbright v. Hofmeister*, 566 F.3d 672, 674 (6th Cir. 2009). Thus, parties to litigation may enter into a settlement agreement resolving that litigation and specifying the continuing jurisdiction of the trial court in its dismissal order. In this matter, the parties provided for the Court's continuing jurisdiction, restricting the scope and duration of same by stating that "the court shall retain limited and ancillary jurisdiction (including under *Kokkonen*) for the purpose of enforcing the obligations of the Dayton Board under this Agreement." The only program the DPS Defendants are required to implement by the Agreement is the Academic Improvement Strategies. Similarly, in its Findings of Fact and Conclusions of Law Declaring the Dayton Public Schools Unitary and Dismissing this Case with Prejudice, this Court, in accordance with *Kokkonen*, expressly retained ancillary jurisdiction "for the sole purpose of enforcing the obligations of the [DPS] Defendants … which are set forth in the Settlement Agreement." *See* Doc. #344 at 7. Consequently, this Court retained ancillary jurisdiction in that judicial filing to the same extent that such jurisdiction is provided for in the Settlement Agreement.

2.    Section III(B)(1) of the Settlement Agreement provides that, in the event of a dispute between the Plaintiffs and the DPS Defendants, the Plaintiffs' sole remedy was for specific performance and that granting of a claim for specific performance was the sole purpose and basis for any action by this Court.  Section II(B)(1) of the Settlement Agreement stated, with regard to the Academic Improvement Strategies, "[a]fter the Effective Date, the Dayton Board shall be required to implement the Academic Improvement Strategies, … , until the conclusion of the funding term.  The Academic Improvement Strategies are the only program the Dayton Board is required to implement by this Agreement."  The funding term, involving the school years 2001-2002 through 2006-2007, terminated on June 30, 2007.  The DPS Defendants' obligations under the Settlement Agreement terminated with the end of the funding term; the Court's limited jurisdiction, retained for the express purpose of enforcing the DPS obligations under the Agreement, terminated on that date, as well.  Since the Plaintiffs did not file their Notice of Breach of Settlement Agreement (Doc. #346) until seven months after the termination of the funding term, that claim does not come within the ancillary jurisdiction which this Court retained herein.  As is discussed in the next paragraph of this Decision, Section II(F) of the Settlement Agreement provides that the Plaintiffs would, under certain circumstances, have until January 31st of the year following the end of a particular school year in which to file a Notice of Breach of Settlement Agreement.  Since Plaintiffs filed the Notice herein on January 31,

2008, it is seemingly timely. However, regardless of its timeliness, the Court concludes that it lacks subject matter jurisdiction to consider the Plaintiffs' Notice of Breach of Settlement Agreement (Doc. #346), because the Plaintiffs' sole remedy for such a breach is a decree of specific performance and such a remedy is not available after the end of the funding term. In short, one cannot order a party to specifically perform a contractual obligation that ended months before.

3. Moreover, Paragraph F of Section II of the Settlement Agreement, entitled "Duty to Confer" states in pertinent part:

> 2. If the Dayton Board or the Plaintiffs believe that the other party has failed to comply with or has breached this Agreement, the **complaining party shall notify the allegedly breaching party within sixty (60) days of the date when such complaining party knew or should have known of any such breach,** and such parties shall have thirty (30) days from the date of notification to resolve the dispute amicably. The Dayton Board and the Plaintiffs agree to make a good faith effort to resolve any such disputes. If a dispute has not been resolved consensually within this 30-day period, a complaining party, within fifteen (15) days following the expiration of the 30-day period, may make an application to the Court to enforce the terms and conditions of this Agreement under the limited ancillary *Kokkonen* jurisdiction retained by the Court for the Dayton Defendants and the Plaintiffs. Notwithstanding the time limits referenced herein, any complaint or allegation of breach of this Agreement concerning a program or funding issue for a specific school year shall in no event be the subject of a notice to an allegedly breaching party or an application or notice to the Court after January 31 of the year following the end of the school year at issue.

Given that the dispute involves the 2006-2007 school year, the Plaintiffs' Notice of Breach of the Settlement Agreement (Doc. #346), filed January 31, 2008, was arguably timely under the above section of the

Settlement Agreement.  However, even if timely, given that Plaintiffs waited until June 28, 2007, some eight and one-half months after the DPS's response to earlier inquiries from the Plaintiffs as to the expenditure of funds (or lack of such expenditure) on the Academic Improvement Strategies, rather than within 60 days of such response, the date when Plaintiffs knew or should have known of any such violation and, further, given that the parties also violated the 30 days from notification to attempt to resolve the issue amicably, and Plaintiffs failed to make application to the Court within 15 days following the expiration of the 30-day period, it is clear that the Court is divested of subject matter jurisdiction to consider the merits of Plaintiffs' allegations of breach of the Settlement Agreement.

WHEREFORE, based upon the aforesaid, this Court sustains the Motion of the DPS Defendants to Dismiss Plaintiffs' Notice of Breach of Settlement Agreement for lack of subject matter jurisdiction (Doc. #364). Plaintiffs' Notice of Breach of Settlement Agreement (Doc. #346) is dismissed for want of subject matter jurisdiction.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 22, 2010

/s/ Walter Herbert Rice
WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record